UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HANEE CURETON,** | Civil Action No. 19-16591 (MCA) |
| Petitioner, | |
| v. | OPINION |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

This matter has been opened to the Court by Hanee Cureton's ("Cureton" or "Petitioner") motion to vacate pursuant 28 U.S.C. § 2255 ("Motion"). For the reasons explained in this Opinion, the Court denies the Motion, the request for an evidentiary hearing, and the motion for counsel, and also denies a certificate of appealability.

I. **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Cureton was arrested on May 12, 2015, pursuant to the filing of a criminal complaint. *See* United States v. Cureton, Mag. No. 3577 (MF). On October 28, 2015, he was indicted in the Third Superseding Indictment returned in United States v. Corey Hamlet et al., Crim. No. 14-220, D.E. 81. Cureton's case proceeded to trial based on the charges contained in the Sixth Superseding Indictment, which was returned on November 2, 2016. D.E. 207.

Specifically, Count One charged Cureton with participating in a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. § 1962(d); Count Twenty-One charged Cureton with conspiracy to distribute one kilogram or more of heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846; and Count Twenty-Three charged Cureton with distribution, and possession with intent to distribute,

one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  On March 10, 2017, the Government filed an enhanced penalty information to establish Cureton's prior felony drug convictions, thus subjecting him to a twenty-year mandatory minimum term of imprisonment were he convicted on Counts Twenty-One or Twenty-Three.  D.E. 282.

Trial against Cureton and his four co-defendants commenced on October 16, 2017, and a mistrial on most counts was declared on April 2, 2018.  The Government moved for an immediate retrial of defendants Corey Hamlet, Tony Phillips, and Ahmad Manley, and for a severance of Cureton and Khalil Stafford.  The Court granted the Government's motion, and it scheduled the first retrial for May 30, 2018.  On July 13, 2018, a jury convicted defendants Hamlet, Phillips, and Manley on all charges.

Thereafter, on October 16, 2018, the Government returned a Seventh Superseding Indictment against Cureton and Stafford.  D.E. 839.  While the Seventh Superseding Indictment did not change the substance of the charges against Cureton, it did charge Stafford with the murder in aid of racketeering of Hope Williams.

On November 14, 2018, Cureton entered a guilty plea to Count Four and Count Five of the Seventh Superseding Indictment.  D.E. 846-48.  Count Four charged Cureton with conspiracy to distribute one kilogram or more of heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. § 846; and Count Five charged Cureton with distribution, and possession with intent to distribute, one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  In exchange, the Government dismissed Count One, the RICO conspiracy, and agreed to withdraw the enhanced penalty information that subjected Cureton to a twenty-year mandatory minimum term.  Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the plea agreement called for a sentence of 144 months' incarceration, a term of

supervised release of five (5) years, and a special assessment of $200 (the "Stipulated Sentence"). Both parties agreed that the Stipulated Sentence was reasonable taking into account all of the factors under 18 U.S.C. § 3553(a).

The Stipulated Sentence included a prison term that was substantially below the advisory guidelines range. As set forth in the final Presentence Investigation Report ("PSR"), the offense carried a base offense level of 34 because it involved at least 10 kilograms of heroin. PSR ¶ 70. Further, a two-level enhancement applied because Cureton maintained a premises for the purpose of distributing a controlled substance, and a four-level enhancement applied because Cureton was an organizer leader of criminal activity involving five or more participants. PSR ¶¶ 71, 73. After a three-level reduction for acceptance of responsibility, Cureton faced a total offense level of 37. Combined with a criminal history category IV, PSR ¶¶ 85-87, Cureton faced an advisory guidelines range of 292 to 365 months. PSR ¶ 119.

At his Plea Hearing on November 14, 2018, Cureton provided a factual basis for his convictions:

> COURT: Okay, good.
> So, Mr. Benvenuto, would you like to put the
> factual basis on the record?
> MR. BENVENUTO: Sure, Your Honor. Thank you.
> Mr. Cureton, from in or about November 2013
> through in or about May 2015, were you involved in the
> distribution of heroin in and around Newark, New Jersey?
> THE DEFENDANT: Yes.
> MR. BENVENUTO: From in or about November 2013
> through in or about May 2015, did you conspire with others
> to distribute over 10 kilograms of heroin?
> THE DEFENDANT: Yes.
> MR. BENVENUTO: Are you aware that on or about

November 12th, 2013, the Drug Enforcement Administration seized over a kilogram of heroin at 707 Broadway in Newark, New Jersey?

THE DEFENDANT: Yes.

MR. BENVENUTO: Did the heroin received from 707 Broadway belong to you?

THE DEFENDANT: Yes.

MR. BENVENUTO: Did you intend to distribute the heroin found inside 707 Broadway?

THE DEFENDANT: Yes.

MR. BENVENUTO: Are you pleading guilty to Count Four and Count Five because you are, in fact, guilty of those offenses?

THE DEFENDANT: Yes.

MR. BENVENUTO: Judge, the Government represents to the Court that if this matter had proceeded to a retrial, the Government would have been able to prove each and every element of the offense beyond a reasonable doubt, and we further represent to the Court that heroin is a Schedule I controlled substance, and that the quantity of heroin that was recovered from inside 707 Broadway was, in fact, over a kilogram of heroin.

THE COURT: Okay.

It is the finding of this Court in United States of America v. Cureton that Mr. Cureton is fully competent and capable of entering an informed plea; he is aware of the nature of the charges and the consequences of the plea; the plea of guilty is knowing and voluntary, supported by an independent basis in fact containing each element of the offense.

The plea is therefore accepted, and Mr. Cureton is now adjudged guilty of the offense.

Plea Hearing Tr. 16:8-18:2.

On February 25, 2019, this Court imposed the Stipulated Sentence on Cureton.  D.E. 893.  Cureton did not file a notice of appeal.

On August 12, 2019, Petitioner filed the instant Motion.  ECF No. 1.  The government filed its Answer on November 13, 2019.  ECF No. 4.  Petitioner did not file a traverse, but, on July 9, 2021, he submitted a motion for counsel.  ECF No. 5.

II.     **STANDARD OF REVIEW**

Title 28, United States Code, Section 2255 permits a court to vacate, correct, or set aside a sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255.

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief.  *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005).  Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)).  In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."  *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted).

The Court may dismiss the motion without holding an evidentiary hearing where the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.  *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545–46).  Moreover, the Third Circuit has

"repeatedly emphasized that 'bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing' on a habeas petition." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) (citations omitted).

### III.   ANALYSIS

In the Motion, Cureton argues that his counsel was ineffective for two reasons: (1) counsel failed to argue that the drug quantity evidence against Cureton was insufficient; and (2) counsel failed to object to certain enhancements and criminal history calculations contained in the PSR. Cureton also asks for an evidentiary hearing on these issues.

Petitioner asserts that his counsel provided ineffective assistance in violation of his Sixth Amendment rights. Before a petitioner can establish that he was denied his Sixth Amendment right to the effective assistance of counsel, he must make a two-part showing: (1) that his counsel's performance was so deficient that the attorney was not functioning as the professional counsel guaranteed by the Sixth Amendment; and (2) that he was prejudiced by his attorney's deficiencies, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Under *Strickland*, counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Thus, to prove deficiency, the petitioner must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir. 1999). Courts evaluate the reasonableness of counsel's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances."

*Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Ultimately, it is the petitioner who bears the burden of demonstrating that counsel's representation was deficient. *Id.*

Even where a petitioner is able to show that counsel's representation was deficient, he must still demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Strickland*, 466 U.S. at 692–93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. "A court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." *Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006).

"Defendants are entitled to the effective assistance of competent counsel" during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (quotation omitted). "When addressing a guilty plea, counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (internal quotation marks omitted). Where a petitioner accepted a guilty plea based on deficient representation, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Kmet*, 806 F. App'x. 109, 112 (3d Cir. 2020) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The right to effective assistance of counsel also extends to sentencing. *See United States v. Sepling*, 944 F.3d 138, 145 (3d Cir. 2019) (citing *Glover v. United States*, 531 U.S. 198 (2001)). A petitioner asserting ineffective assistance of counsel at sentencing must show that but for defense counsel's "alleged ineffectiveness, he would have likely received a lower sentence." *United States v. Booth*, 432 F.3d 542, 546-47 (3d Cir. 2005).

### a. Counsel Failed to argue that the Evidence was Insufficient

Cureton first claims that defense counsel was ineffective for failing to argue that there was insufficient evidence that Cureton distributed, or possessed with intent to distribute, one kilogram or more of heroin. But at his plea hearing, Cureton admitted under oath that, from November 2013 through May 2015, he conspired with others to distribute over 1 kilogram of heroin. Cureton further admitted that the heroin that the Drug Enforcement Administration ("DEA") recovered within 707 Broadway belonged to him, and that he intended to distribute that heroin on the streets of Newark. Cureton's admissions are sufficient to support his guilty plea. Those admissions—which were fully supported by the Government's evidence at trial—demonstrate both that he conspired to, and possessed with intent to distribute, more than one kilogram of heroin. *See United States v. Broce*, 488 U.S. 563, 569-74 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt[.]").

In support of his argument, Cureton cites to *United States v. Rowe*, 919 F.3d 752 (3d Cir. 2019), on April 2, 2019, which clarified the effect of *Alleyne v. United States*, 570 U.S. 99 (2013), upon the distribution and possession elements of 18 U.S.C. § 841(a)(1). There, the Third Circuit held that the provisions of § 841(b)(1)(A) and (b)(1)(B) attach to each discrete act of distribution or possession because they specify facts that increase the statutory penalty, and so, under *Alleyne*, constitute an "element of a distinct and aggravated crime," 570 U.S. at 116, that must be submitted to the jury, *see Rowe*, 919 F.3d at 759. As a result, the jury may not "combine the amounts distributed or possessed" at discrete instances to find the drug quantities specified in § 841(b)(1)(A) and (b)(1)(B). *Id.* at 761; *see also United States v. Williams*, 974 F.3d 320, 360 (3d Cir. 2020).

*Rowe* held that with respect to distribution or possession with intent to distribute, the quantity to be used for sentencing is from a single distribution. *Rowe*, 919 F.3d at 760. From the outset, *Rowe* is not relevant to Cureton's conviction on Count Four because the quantity used for a conspiracy charge is not limited to a single transaction, but rather the amount distributed during the duration of the conspiracy that can be attributed to the defendant. That is, "'[b]ecause the drug quantity for conspiracy is an offense-specific determination of the quantity involved in the entire conspiracy, those drugs need not be possessed by any one conspirator at one specific time.'" *Britt v. United States*, No. 18-16357 (PGS), 2020 WL 3249118, at *11 (D.N.J. June 16, 2020) (quoting *United States v. Perrin*, No. 2:14-CR-205-2, 2019 WL 3997418, at *3 (W.D. Pa. Aug. 23, 2019)).

With respect to Count Five, Cureton admitted that the heroin the DEA seized from 707 Broadway, which amounted to over a kilogram, belonged to him and that he intended to distribute it. To the extent Cureton claims that his counsel was deficient for permitting him to plead guilty to Count Five in light of *Rowe*, that claim fails because *Rowe* was decided after Cureton's Judgment of Conviction. And even if his counsel were deficient for failing to anticipate *Rowe*, Cureton is unable to show that he was prejudiced. In exchange for his guilty plea, the Government agreed to dismiss Count One and withdraw the enhanced penalty information that would have required Cureton to serve a mandatory minimum term of imprisonment of 20 years if he were convicted on either Count Four or Count Five. Thus, Cureton's twelve-year sentence was substantially below the twenty-year mandatory minimum term of imprisonment he faced on Count Four alone, which is unaffected by *Rowe*. Thus, Cureton cannot show that but for defense counsel's "alleged ineffectiveness, he would have likely received a lower sentence." *Booth*, 432 F.3d at 546-47.

Because Petitioner is unable to show prejudice, the Court denies his ineffective assistance claim premised on his counsel's failure to challenge the evidence of the drug quantity.

**b. Counsel Failed to Object to Certain Enhancements**

Cureton's second claim—that his counsel failed to object to certain enhancements and criminal-history point calculations—also fails to provide a basis for relief. As an initial matter, the Court imposed the Stipulate Sentence on Cureton based on the Rule 11(c)(1)(C) plea agreement negotiated between Cureton and the Government, not based on the United States Sentencing Guidelines. And, as discussed above, in exchange for his guilty plea, the Government agreed to withdraw the enhanced penalty information that would have required Cureton to serve a mandatory minimum term of imprisonment of twenty years.

Moreover, even if Cureton's counsel were to have successfully argued against the drug-involved premises enhancement under U.S.S.G. § 2D1.1(b)(12) and against the additional two criminal history points under U.S.S.G. § 4A1.1(d), Cureton's advisory guidelines range would have been substantially higher than the sentence that he received.[1] This demonstrates both that Cureton's counsel made the strategically sound decision to obtain the Rule 11(c)(1)(C) plea agreement and that, even if counsel's decision to do so were somehow deficient, Cureton cannot show prejudice. Once again, Cureton cannot show that but for defense counsel's "alleged ineffectiveness, he would have likely received a lower sentence." *Booth*, 432 F.3d at 546-47.

---

[1] Without the two-level drug-involved premises enhancement, Cureton would have faced a total offense level of 35. And without the two-point increase for committing the offense while on supervised release, Cureton would have faced a criminal history score of five, resulting in criminal history category III. This would have resulted in an advisory guidelines range of 210 to 262 months' imprisonment.

### c. Cureton's Motion for Counsel and Additional Arguments

On July 9, 2021, Cureton filed a motion for counsel. *See* ECF No. 5. In his motion for counsel, Cureton argues that recent Third Circuit precedent, including *Rowe* and *United States v. Nasir*, 982 F.3d 144, 156-160 (3d Cir. 2020), may afford him a basis for relief. In *Nasir*, the Third Circuit clarified the predicate offenses that warrant application of the career offender sentencing enhancement. The Court has explained above that *Rowe* does not afford a basis for relief here, and Cureton concedes that he was not sentenced as a career offender. As such, *Nasir* likewise provides no basis for relief. Having denied relief on Cureton's underlying claims, the Court also denies the motion for counsel.

### IV. CONCLUSION

For these reasons, the Court denies the Motion, the request for an evidentiary hearing, and the motion for counsel. The Court also denies a certificate of appealability, as reasonable jurists would not find the Court's assessment debatable. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate Order follows.

August 31, 2022

Hon. Madeline Cox Arleo
United States District Judge